UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MITCHELL KEITH GOODRUM,

Plaintiff,

v.

NUGGET CASINO OWNERS, *et al.*,

Defendants.

Case No. 3:20-cv-00543-MMD-WGC

ORDER

*Pro se* Plaintiff Mitchell Keith Goodrum brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 5), recommending the Court grant Goodrum's application to proceed *in forma pauperis* (ECF No. 3), file Goodrum's complaint (ECF No. 1-1), dismiss his § 1983 claims with prejudice, dismiss his state law negligence claim without prejudice so that Goodrum may refile in state court, and deny Goodrum's motion for appointment of counsel (ECF No. 4) as moot. Goodrum had until April 22, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant the application to proceed *in forma pauperis*, file the Complaint, dismiss Goodrum's claims, and deny his appointment of counsel motion as moot.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb first recommends the Court grant Goodrum's application to proceed *in forma pauperis* because Goodrum has demonstrated he cannot pay the initial filing fee. (ECF No. 5 at 3.) Judge Cobb next recommends that Goodrum's § 1983 claims be dismissed with prejudice as to both defendants because the "Nugget Casino Owners" and Nugget Casino employee Dallas Johnson are not public actors, but at all times relevant to this case were working privately as a business. (*Id.* at 5.) Because no amendment would cure the fact that Goodrum cannot bring § 1983 claims against these defendants, Judge Cobb recommends dismissing those claims with prejudice and without leave to amend. (*Id.*) To the extent Goodrum wishes to pursue his negligence theory, Judge Cobb recommends the Court dismiss the state law claim without prejudice so that Goodrum may do so in state court. (*Id.*) Because no claims would remain in this case, Judge Cobb further recommends denying Goodrum's motion for appointment of counsel as moot. (ECF No. 4.) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 5) is accepted and adopted in full.

It is further ordered that Goodrum's application to proceed *in forma pauperis* (ECF No. 3) is granted. Goodrum will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Mitchell Goodrum, #1213846, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, the full filing fee still will be due pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

The Clerk of Court is directed to file the complaint (ECF No. 1-1).

It is further ordered that Goodrum's § 1983 claims are dismissed with prejudice and without leave to amend.

It is further ordered that Goodrum's negligence claim is dismissed without prejudice so that he may raise the claim in state court.

It is further ordered that Goodrum's motion for appointment of counsel (ECF No. 4.) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 3rd Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE